## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FERNANDO ROSARIO,** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | |
| **v.** | : | **NO. 23-0498** |
| | : | |
| **KATHY BRITTAIN,** *et al.*, | : | |
| *Respondents* | : | |

## O R D E R

**AND NOW**, this 7ᵗʰ day of June 2024, upon consideration of *pro se* Petitioner Fernando Rosario's ("Petitioner") *petition for writ of habeas corpus under 28 U.S.C. § 2254*, (ECF 1), and Respondents' response in opposition thereto, (ECF 17), and, after a review of the Report and Recommendation issued by United States Magistrate Judge Richard A. Lloret, (the "Magistrate Judge"), (ECF 19), to which no objections were filed, it is hereby **ORDERED** that:

(1) The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

---

[1]   Petitioner, proceeding *pro se*, filed the instant petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, asserting two claims for relief, *to wit*: (1) violation of his Sixth and Fourteenth Amendment rights to effective counsel premised on trial counsel's failure to introduce evidence of Petitioner's medical records; and (2) violation of his Sixth and Fourteenth Amendment rights to effective counsel and due process based on trial counsel's failure to object to the admission of a protection from abuse order.

The following is a brief narrative of the procedural history in this matter. A jury convicted Petitioner of rape, involuntary deviate sexual intercourse, aggravated assault, sexual assault, terroristic threats, simple assault (three counts), false imprisonment, recklessly endangering another person (two counts), and aggravated incident assault. On June 1, 2016, Petitioner was sentenced to an aggregate term of imprisonment of ten to twenty years. Thereafter, Petitioner filed post-sentence motions which were denied. Petitioner did not file a direct appeal, but instead filed a Pennsylvania Post-Conviction Relief Act ("PCRA") petition. The PCRA court denied the petition as untimely, however, the Superior Court of Pennsylvania remanded and directed the PCRA court to address the merits of Petitioner's PCRA petition. The PCRA court subsequently denied Petitioner's PCRA petition on the merits; a decision the Superior Court affirmed. Petitioner appealed to the Supreme Court of Pennsylvania, which by a *per curiam* order denied *allocator*.

Petitioner filed the instant *habeas* petition asserting the two ineffective assistance of counsel claims described above. Notably, Petitioner concedes that in his appeal to the Supreme Court of Pennsylvania, he failed to raise his ineffective assistance of trial counsel claim premised on the failure to object to the admission of the protection from abuse order. (*See* ECF 1, at p. 11). The *habeas* petition was referred to

1

the Magistrate Judge, who, on November 1, 2023, issued a Report and Recommendation ("R&R"), (ECF 19), recommending that the *habeas* petition be dismissed on the grounds that (1) the Superior Court properly denied the claims Petitioner asserts in his *habeas* petition, (2) Petitioner's second claim is procedurally defaulted, and (3) Petitioner voluntarily determined he no longer wished to pursue his petition, (*see* ECF18). Petitioner's statement provides in its entirety:

> On this day of October 23rd, 2023, it is my request, being the Petitioner i[n] the above stated docket to, WITHDRAW my Petition within your court and accept my role in the crime in which I am accused.

(*Id.*).

Petitioner has not filed any objections to the R&R, and the time to do so has expired. In the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). Though Petitioner has withdrawn his habeas petition, (ECF 18), this Court has undertaken a thorough and independent review of the record and the R&R and finds that the Magistrate Judge fully considered the arguments made and properly concluded that the Superior Court correctly determined that Petitioner's first claim has no merit and that his second claim is procedurally defaulted.

As to Petitioner's first claim — ineffective assistance of counsel for failure to introduce evidence of Petitioner's medical records — both the PCRA court and the Superior Court properly assessed this claim under the "clearly established federal law" applicable to claims for ineffective assistance of counsel. *See Commonwealth v. Rosario*, 2022 WL 4076868, at *2-3 (Pa. Super. Ct. Sept. 6, 2022) (applying the Pennsylvania equivalent of *Strickland v. Washington*, 466 U.S. 668 (1984)). The PCRA court reached its conclusion after considering the testimony of Petitioner's counsel and finding him credible when testifying as to his reasons for not introducing Petitioner's medical records. *Id.* Under the Antiterrorism and Effective Death Penalty Act of 1996, a state court's findings of fact, including its assessments of witnesses' credibility, are entitled to a statutory presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. §2254(e)(i); *see also Davis v. Ayala*, 576 U.S. 257, 271 (2015). Petitioner has not offered any clear and convincing evidence to the contrary. In addition, the state courts applied the *Strickland* standard to the facts of Petitioner's case in an objectively reasonable manner. Accordingly, Petitioner's first claim fails to provide a basis for *habeas* relief.

As to Petitioner's second claim — ineffective assistance of counsel for trial counsel's failure to object to the admission of a protection from abuse order — this claim is procedurally defaulted because Petitioner did not include it in his appeal to the Supreme Court of Pennsylvania. As noted, Petitioner admits that he failed to include this claim in his appeal to the Supreme Court of Pennsylvania. "Although a Pennsylvania inmate is not required to seek the discretionary review of the Pennsylvania Supreme Court before seeking *habeas* relief, if an inmate does petition for such review, the federal claim at issue must have been 'fairly presented' in that petition, and the fact that a petitioner fairly raised his claim before a lower state court is not sufficient to satisfy the *habeas* exhaustion requirement." *Robinson v. Superintendent, SCI Somerset*, 722 F. App'x 309, 312 (3d Cir. 2018) (internal citations omitted) (emphasis added); *see also Hayes v. Tice*, 2020 WL 1450271, at *7 (W.D. Pa. Mar. 25, 2020) (finding that the petitioner failed to demonstrate exhaustion of his *Brady* claim when it was not included in his petition for allowance of appeal

(2) Petitioner's petition for a writ of *habeas corpus*, (ECF 1) is **DISMISSED**, with prejudice;

(3) No probable cause exists to issue a certificate of appealability;[2] and

(4) The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

to the Pennsylvania Supreme Court).  Accordingly, the Magistrate Judge correctly found that Petitioner's second claim is procedurally defaulted.

In light of these circumstances, this Court finds that the Magistrate Judge did not commit an error that was clear or obvious, affected Petitioner's substantial rights, or seriously affected the fairness, integrity or public reputation of judicial proceedings.  Consequently, this Court agrees with the Magistrate Judge's recommendation, approves and adopts the R&R in its entirety, and dismisses the petition, with prejudice. No hearing on this matter is necessary.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).  For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action.  Further, Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484.  Under these circumstances, there is no basis for the issuance of a certificate of appealability.